IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY B. YOUNT,<br><br>                    Plaintiff,<br><br>     v.<br><br>NEUMANN UNIVERSITY,<br><br>                    Defendant. | CIVIL ACTION NO. _____<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT AND JURY DEMAND**

Plaintiff Mary B. Yount, by and through her attorneys, Bell & Bell LLP, hereby files the following Complaint and Jury Demand ("Complaint"):

**PRELIMINARY STATEMENT**

1. This is an action for an award of damages, attorneys' fees and other relief on behalf of Plaintiff Mary B. Yount ("Dr. Yount"), a former employee of Neumann University ("Defendant" or "Neumann"). Dr. Yount has been harmed by Defendant's discrimination and harassment based on her sex, disability and/or perceived disability, and association with disabled individuals, and by Defendant's retaliation for her requesting accommodation of a disability, her association with disabled and LGBTQIA+ individuals, and her opposition to practices made unlawful by Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000(e) et seq., Title IX of the Education Amendments of 1972, 20 U.S.C. §1681-§1688 et seq. and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C.§ 794 et seq., culminating in her wrongful termination on May 22, 2023. Defendant also failed to engage in a good-faith, interactive process with respect to accommodating Dr. Yount's disability.

2. This action is filed pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000(e) et seq. ("Title VII"), the American with Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA"), Title IX of the Education Amendments of 1972, 20 U.S.C. §1681-§1688 et seq. ("Title IX") and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C.§ 794 et seq. ("Section 504"), and the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq. ("PHRA").

## JURISDICTIONAL STATEMENT

3. This Court has original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States pursuant to 28 U.S.C. §§ 1331 and 1391.

4. The jurisdiction of this Court is also invoked pursuant to 28 U.S.C. § 1343(4), which grants the District Court original jurisdiction in any civil action authorized by law to be commenced by any person to recover damages to secure equitable or other relief under any act of Congress providing for the protection of civil rights.

5. This Court has supplemental jurisdiction over any Pennsylvania state law claims pursuant to 28 U.S.C. § 1367.

6. All conditions precedent to the institution of this suit have been fulfilled. On November 9, 2023, Plaintiff timely filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), which was dual-filed as a Complaint with the Pennsylvania Human Relations Commission ("PHRC"). On March 26, 2025, the EEOC issued a Notice of Right to Sue to Plaintiff. This action has been filed within ninety (90) days of Plaintiff's receipt of said Notice. With respect to the PHRA claims alleged herein, it has been more than one year since Dr. Yount dual-filed her Charge as a Complaint with the PHRC. With

respect to the Title IX and Section 504 claims herein, Plaintiff was not required to exhaust administrative remedies prior to filing suit.

## VENUE

7.     This action properly lies in the Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1391(b).

8.     This action properly lies in the Eatern District of Pennsylvania because the claims and significant activities associated with the claims arose in this judicial district, and Plaintiff was employed by Defendant in this judicial district.

## PARTIES

9.     Plaintiff Mary B. Yount is an adult female individual who is a citizen and resident of Aston, Pennsylvania and the United States of America.

10.    Dr. Yount is a qualified individual with a disability within the meaning of the ADA.

11.    Dr. Yount has had her disability for a period far in excess of six months.

12.    Dr. Yount's disability affects a major bodily function and substantially limits one or more major life activities.

13.    Defendant Neumann University is a private, Catholic university sponsored and governed by the Sisters of St. Francis of Philadelphia ("Sisters") and located at One Neumann Drive, Aston Township, Pennsylvania 19014, where Dr. Yount was employed.

14.    At all relevant times, Defendant Neumann Unviersity is and has been an employer employing more than five-hundred (500) employees.

15.    Defendant does significant business within the Commonwealth of Pennsylvania.

16. At all relevant times, employees of Defendant acted as agents and servants for Defendant.

17. At all relevant times, employees and agents of Defendant were acting within the scope of their authority and in the course of employment under the direct control of Defendant.

18. At all times material hereto, Defendant acted by and through its authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

19. At all times relevant hereto, Defendant is and has been an "employer" and/or "person" within the meaning of the laws at issue in this matter, and is accordingly subject to the provisions of said laws.

20. At all relevant times hereto, Plaintiff Mary B. Yount was an "employee" within the meaning of the laws at issue in this matter, and is accordingly entitled to the protections of said laws.

21. This Honorable Court has jurisdiction over Defendant.

## FACTS

22. Dr. Yount began her employment with Neumann University as an Assistant Professor of Theology beginning in or about August 2013.

23. While employed by Neumann, Dr. Yount excelled in her position, performing her duties in an competent and professional manner.

24. Dr. Yount was promoted to Associate Professor, with the promotion taking place in or about August 2017.

25. Throughout her tenure with Neumann, Dr. Yount always received positive performance reviews.

4

26. Indeed, on or about January 26, 2022, Amy Gratch Hoyle, Dean, completed an evaluation of Dr. Yount.

27. In the email attaching the evaluation, Dean Hoyle wrote, "I always try to indicate growth areas but found none for you. I appreciate all you do!"

28. By university policy, a faculty member must demonstrate "achievement surpassing that deemed adequate for contract renewal…" to be promoted.

29. On or about February 7, 2022, Dr. Yount was promoted to full professorship, effective August 22, 2022.

30. Each promotion that Dr. Yount received included a salary increase.

31. While Dr. Yount was being considered for Full Professor, Dean Hoyle provided a letter expressing her "unequivocal support" for Dr. Yount's promotion.

32. Likewise, the University President, in the February 2022 letter awarding the promotion, noted "The Committee commends you on your service and scholarly activities" and thanked Dr. Yount "for all your contributions to Neumann University and to our students' success".

33. Despite her dedication to the job and consistent performance, Dr. Yount was discriminated against and harassed on the basis of her sex, disability and/or perceived disability, and association with disabled individuals, and was retaliated against for her requesting accommodation of a disability, her association with disabled and LGBTQIA+ individuals, and her opposition to practices made unlawful by Title VII, Title IX and Section 504, culminating in her wrongful termination on May 22, 2023, in violation of state and federal law.

34. Defendant also failed to engage in a good-faith, interactive process with respect to accommodating Dr. Yount's disability

35. Throughout her employment, Dr. Yount was a tireless advocate for women, disabled and minority faculty members and students.

36. In recognition of Dr. Yount's efforts, Dean Hoyle asked Dr. Yount to serve as the Diversity, Equity, and Inclusion Liaison for the School of Education and she was elected to Faculty Senate leadership roles by her colleagues, both of which Dr. Yount accepted.

37. Dr. Yount twice raised objections to the Congressional Minister (leader) of the Sisters that Neumann could not afford a $15,000,000 Note to finance the purchase of building and land and maintain that property.

38. Dr. Yount's objections were motivated by the fact that the Sisters exercising their personal financial interest in Neumann so as to pay themselves for property that they no longer had sisters to fill would result in even less support for Black, disabled, and low-income female students who were already lacking the support they needed and to which they were entitled.

39. Additionally, Dr. Yount advocated for female and minority faculty members who were being harassed by other faculty members or students due to their race or sex.

40. Dr. Yount also supported students with disabilities, as well as students who were being targeted because of their sexual orientation or gender identity.

41. Throughout her tenure at Neumann, Dr. Yount spoke openly about addressing discrimination against individuals on the basis of their sexual orientation or gender identity, race, sex, and disability status.

42. Dr. Yount also pushed repeatedly for Neumann to revisit its anti-LGBTQIA+ stance, including but not limited to its treatment of LGBTQUI+ students.

43. By way of example, Dr. Yount, in her roles as leadership of Faculty Senate and previous Program Director, supported and brought a complaint to Human Resources on behalf of

6

a faculty member of Asian descent who had been the target of discriminatory and harassing behavior by two individuals, one of whom was a supervisor.

44. By way of another example, throughout November and early December 2022, Dr. Yount objected to and complained to the Interim Provost about Neumann's requirement that students with disabilities in need of an absence accommodation must explain the details of their diagnoses and provide documentation of those diagnoses directly to their faculty members.

45. After continued refusal by Neumann's leadership to set up an accommodation structure for students that did not require them to disclose their diagnoses and courses of treatment and provide supporting documentation for mental health absences to all of their faculty members, Dr. Yount raised her concerns to Faculty Senate in February and March 2023, drawing attention to the fact that this requirement was in violation of, among other things, the Americans with Disabilities Act.

46. Dr. Yount has four (4) children all of whom have learning disabilities and all of whom are LGBTQIA+.

47. Neumann's officials are aware that Dr. Yount's children have learning disabilities and some of whom are LGBTQIA+.

48. In addition to her advocacy within Neumann for students and faculty members, Dr. Yount also advocated for her children within the Penn-Delco School District for programs and services, such as increased occupational therapy, that would address their specific needs.

49. Neumann was aware of Dr. Yount's advocacy for her children with the Penn-Delco School District.

50. More recently, Neumann became aware that one of Dr. Yount's children is LGBTQIA+ and on the Autism spectrum and that another one of Dr. Yount's children has mental health struggles that amount to disabilities within the meaning of the ADA.

51. Throughout 2022 and 2023, Dr. Yount corresponded regularly with officials in the Penn-Delco School District, including responding to emails from her children's teachers, therapists, and case managers.

52. Neumann's officials spoke disparagingly in public about Dr. Yount's advocacy for individuals with disabilities, LGBTQIA+ issues, and her children.

53. Neumann's officials also made denigrating remarks about LGBTQIA+ people, including openly espousing that gay people are sinners that will go to Hell.

54. These inappropriate, disparaging, and crude remarks greatly concerned Dr. Yount.

55. Dr. Yount also suffers from a disability – celiac disease with intestinal damage.

56. Dr. Yount often attended Neumann meetings and events where food was present.

57. Dr. Yount discussesd her celiac disease openly, including with her supervisors, including when asked questions about her food selections.

58. Neumann and Dr. Yount's supervisors were thus well aware of Dr. Yount's disability.

59. Dr. Yount's disability impairs her ability to walk, lift her legs, and her digestive system.

60. In or about November 2022 and January 2023, Dr. Yount requested an accommodation of her disability.

61. Specifically, Dr. Yount requested as an accommodation room locations in a particular building, one in which classes were often held, for her classes to John Kruse, Director

8

of Theology so that she would be able to physically access the rooms for the classes she was scheduled to teach.

62. Neumann immediately retaliated against Dr. Yount for her request for accommodation of her disability, limiting the number of classes that Dr. Yount taught.

63. Neumann cut Dr. Yount's overload classes, which subsequently resulted in Dr. Yount earning less pay than she would have otherwise received with the overload classes included.

64. Non-disabled professors were permitted to teach their classes as planned and were paid their salary as usual.

65. Thus, following her request for an accommodation of her disability, Dr. Yount was subjected to differential treatment as non-disabled professors were scheduled to teach more classes than Dr. Yount and were able to retain their typical salaries.

66. On or about May 10, 2023, the day after Dr. Yount had been installed as President-Elect of Faculty Senate, and of which Neumann was made aware of the same, Neumann's Dean and Interim Provost, Kathleen H. Barnes, requested to meet with Dr. Yount.

67. As requested, Dr. Yount attended a meeting with the Dean and Interim Provost.

68. The Vice President for Human Resources and Risk Management, David Brownlee, was also present at the meeting.

69. During the meeting, Dr. Yount was asked numerous questions, all of which were about her disabled son and her advocacy for him.

70. Dr. Yount was then abruptly informed that she was being placed on administrative leave pending an investigation into a complaint made against her.

9

71. Dr. Yount was not advised as to the basis of the complaint or the subject of the investigation, despite inquiring both during the meeting and afterwards.

72. Dr. Yount has since learned that, as represented by Neumann, the complaint was submitted by a student alleging that Dr. Yount made an academic threat against the student.

73. Specifically, the student is an attorney who was employed by a law firm that represented the Penn-Delco School District.

74. The student alleged, according to Neumann, that during a meeting between the student and Dr. Yount to discuss Dr. Yount's son's Individualized Education Plan, Dr. Yount informed the student that she was aware of the student's enrollment in the doctoral program at Neumann and noted that she knew the director of the student's program.

75. The student stated that she perceived this to be a threat against her to negatively impact her ability to succeed at Neumann.

76. A partner of the same law firm as the student also alleged that Dr. Yount was using her Neumann email account to communicate with the school district in order to use her position at the university to influence personal matters related to her son.

77. Neumann alleges that these accusations rose to the level of harassing behavior and harmed the reputation of Neumann, warranting termination.

78. On or about May 22, 2023, Dr. Yount was terminated.

79. Dr. Yount was provided with a termination letter, which stated that she was being terminated because her behavior and actions were contrary to the Mission, Values, and Goals of Neumann and due to her exhibiting "moral delinquency or turpitude."

80. Neumann's bases for Dr. Yount's termination are pretextual.

81. Dr. Yount did not make a threatening comment or exhibit a threatening manner, and any comments outside of programming and placement for the subject of the IEP meeting were simply small talk.

82. Additionally, any policy of not using Neumann's computing and/or information resources for personal affairs is an IT policy that is rarely enforced.

83. Other faculty members at Neumann regularly use their Neumann email account to email school districts and engage in other personal matters.

84. Yet, Neumann has not disciplined or terminated these other faculty members who are not disabled, do not have children who have disabilities and are LGBTQIA+, did not raise complaints about discriminatory policies or practices, and did not support others' complaints of discrimination and harassment.

85. Based on the foregoing, given her treatment during her employment with Neumann and the circumstances surrounding her termination, Dr. Yount was subjected to discrimination and harassment on the basis of her sex and disability, and was retaliated against for requesting accommodation of a disability, for her association with LGBTQIA+ individuals and her disabled children, and for her opposition to practices made unlawful by Title VII of the Civil Rights Act – including systemic racism, discrimination against LGBTQIA+ individuals, discrimination against disabled individuals, and sex discrimination – and was terminated as a result of such discrimination and retaliation in violation of Title VII, the ADA, Title IX, Section 504 and the PHRA.

86. Defendant willfully violated Title VII, the ADA, Title IX, Section 504 and the PHRA, as Defendant knew that its actions violated the statutes and/or acted with reckless

disregard as to whether its actions violated Title VII, the ADA, Title IX, Section 504 and the PHRA.

87. As a result of the discrimination, harassment, retaliation and other wrongful conduct perpetrated against Dr. Yount by Neumann, Dr. Yount has suffered significant financial losses including, among other things, loss of employment and loss of wages.

88. Dr. Yount has suffered significant financial loss, destruction of research, harm to her reputation in the community and other harm and damages as a direct and proximate result of the actions and inactions of the Defendant.

89. Dr. Yount has suffered and continues to suffer mental anguish and severe emotional distress as a proximate result of the actions and/or inactions of Defendant.

90. Defendant and its agents acted with knowledge of, or in reckless disregard of the probability that their actions and inactions would cause Dr. Yount to suffer emotional distress.

91. As a result of the Defendant's conduct described herein, Dr. Yount has incurred a significant obligation for attorneys' fees and costs of bringing this action.

## COUNT I
**Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e), et seq.**

92. Plaintiff Mary B. Yount repeats and incorporates by reference the allegations of all previous paragraphs as if fully set forth at length herein.

93. Based on the foregoing, Defendant Neumann University engaged in unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000(e) et seq.

94. In discriminating against and harassing Dr. Yount because of her sex and her association with LGBTQIA+ individuals, and in retaliating against Dr. Yount for her complaints of and opposition to practices made unlawful by Title VII, Defendant violated Title VII.

12

95. Defendant's violations were intentional and willful.

96. Defendant's violations warrant the imposition of punitive damages.

97. As the direct and proximate result of the aforesaid unlawful employment practices engaged in by Defendant Neumann University, Plaintiff Mary B. Yount has sustained a loss of earnings and earning potential, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, loss of research, as well as back pay, front pay and interest due thereon, and has incurred attorneys' fees and costs.

98. Plaintiff is suffering and will continue to suffer irreparable harm and monetary damages as a result of Defendant's actions unless and until this Court grants the relief requested herein.

## COUNT II
**The Americans with Disabilities Act, 42 U.S.C. § 12101, et seq.**

99. Plaintiff Mary B. Yount repeats and incorporates by reference the allegations of all previous paragraphs as if fully set forth at length herein.

100. Based on the foregoing, Defendant has engaged in unlawful employment practices in violation of the Americans with Disabilities Act.

101. In discriminating against and harassing Dr. Yount on the basis of her disability and her association with disabled individuals, and in retaliating against Dr. Yount for requesting accommodation of a disability, for her association with disabled individuals, and for her complaints of and opposition to practices made unlawful by the ADA, Defendant violated the ADA.

102. Said violations were intentional and willful.

103. Said violations warrant the imposition of punitive damages.

104. As the direct and proximate result of Defendant's violation of the Americans with Disabilities Act, Plaintiff Mary B. Yount has sustained a loss of earnings and earning potential, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, loss of research, as well as back pay, front pay and interest due thereon, and has incurred attorneys' fees and costs.

105. Plaintiff is suffering and will continue to suffer irreparable harm and monetary damages as a result of Defendant's actions unless and until this Court grants the relief requested herein.

## COUNT III
### Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

106. Plaintiff Mary B. Yount repeats and incorporates by reference the allegations of all preceding paragraphs as if fully set forth at length herein.

107. Based on the foregoing, Defendant Neumann University has engaged in unlawful employment practices in violation of the Pennsylvania Human Relations Act.

108. In discriminating against and harassing Dr. Yount because of her sex, disability, and association with disabled individuals, and in retaliating against Dr. Yount for requesting accommodation of a disability, for her association with LGBTQIA+ individuals and her disabled children, and for her opposition to practices made unlawful by state and federal anti-discrimination statutes, Defendant violated the PHRA.

109. As the direct and proximate result of Defendant's violations of the Pennsylvania Human Relations Act, Plaintiff Mary B. Yount has sustained loss of earnings, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, loss of research, as well as back pay, front pay, and interest due thereon, and has incurred attorneys' fees and costs.

110. Plaintiff is suffering and will continue to suffer irreparable harm and monetary damages as a result of Defendant's actions unless and until this Court grants the relief requested herein.

## COUNT IV
**Title IX of the Education Amendments of 1972, 20 U.S.C. §1681-§1688 et seq.**

111. Plaintiff Mary B. Yount repeats and incorporates by reference the allegations of all previous paragraphs as if fully set forth at length herein.

112. Based on the foregoing, Defendant Neumann University engaged in unlawful employment practices in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. §1681-§1688 et seq.

113. In retaliating against Dr. Yount for her complaints of and opposition to practices made unlawful by Title IX, Defendant violated Title IX.

114. Defendant's violations were intentional and willful.

115. Defendant's violations warrant the imposition of punitive damages.

116. As the direct and proximate result of the aforesaid unlawful employment practices engaged in by Defendant Neumann University, Plaintiff Mary B. Yount has sustained a loss of earnings and earning potential, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, loss of research, as well as back pay, front pay and interest due thereon, and has incurred attorneys' fees and costs.

117. Plaintiff is suffering and will continue to suffer irreparable harm and monetary damages as a result of Defendant's actions unless and until this Court grants the relief requested herein.

## COUNT V
## Section 504 of the Rehabilitation Act of 1973, 29 U.S.C.§ 794 et seq.

118. Plaintiff Mary B. Yount repeats and incorporates by reference the allegations of all previous paragraphs as if fully set forth at length herein.

119. Based on the foregoing, Defendant has engaged in unlawful employment practices in violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C.§ 794 et seq.

120. Defendant receives Federal financial assistance and was receiving such assistance.

121. In retaliating against Dr. Yount for her complaints of and opposition to practices made unlawful by Section 504, Defendant violated Section 504.

122. Said violations were intentional and willful.

123. Said violations warrant the imposition of punitive damages.

124. As the direct and proximate result of Defendant's violation of the Americans with Disabilities Act, Plaintiff Mary B. Yount has sustained a loss of earnings and earning potential, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, loss of research, as well as back pay, front pay and interest due thereon, and has incurred attorneys' fees and costs.

125. Plaintiff is suffering and will continue to suffer irreparable harm and monetary damages as a result of Defendant's actions unless and until this Court grants the relief requested herein.

## PRAYER FOR RELIEF

126. Plaintiff Mary B. Yount repeats and incorporates by reference the allegations of all previous paragraphs as if fully set forth at length herein.

**WHEREFORE**, Plaintiff Mary B. Yount respectfully requests that this Court enter judgment in her favor and against Defendant Neumann University and Order:

a. Appropriate equitable relief including reinstatement or front pay;

b. Defendant to compensate Plaintiff with a rate of pay and other benefits and emoluments of employment to which she would have been entitled had she not been subjected to unlawful discrimination, harassment and retaliation;

c. Defendant to compensate Plaintiff with the wages and other benefits and emoluments of employment lost because of its unlawful conduct;

d. Defendant to pay Plaintiff punitive damages;

e. Defendant to pay Plaintiff liquidated damages;

f. Defendant to pay Plaintiff compensatory damages for future pecuniary losses, pain and suffering, inconvenience, mental anguish, loss of employment and other nonpecuniary losses as allowable;

g. Defendant to pay Plaintiff's costs of bringing this action and her reasonable attorneys' fees;

h. Plaintiff be granted any and all other remedies available pursuant to Title VII, the ADA, Title IX, Section 504, and the PHRA; and

i. Such other and further relief as is deemed just and proper.

## **JURY DEMAND**

Plaintiff Mary B. Yount hereby demands trial by jury as to all issues so triable.

> By: */s/ Christopher A. Macey, Jr.*
> Christopher A. Macey, Jr., Esquire
> Bell & Bell LLP
> 1617 John F. Kennedy Boulevard
> Suite 1254
> Philadelphia, PA 19103
> (215) 569-2500
>
> *Attorneys for Plaintiff*
> *Mary B. Yount*

Dated: June 23, 2025